DRAKE, Ch. J.,
delivered tbe opinion of tbe court:
This case bas been appealed by botb parties to the Supreme Court, and tbe finding of facts bas gone with tbe appeal, in tbe opinion of this court.
After the appeal was taken, the defendants filed a motion “ to transmit to tbe appellate court a certified copy of tbe case, including tbe evidence taken therein, to the end that tbe appellate court may properly try tbe same; tbe right of appeal herein not- being restrained by law, as is tbe same right in cases appealed from tbe Court of Claims, under tbe fifth section of the act of March 3,1863, and similar provisions.”
To a proper understanding of the point involved in this motion, it is necessary to cite the provisions of law involved in it.
Tbe first is the fifth section of the Act March 3d, 1863, (12 Stat. L., p. 765,) “ to amend ‘An act to establish a court for tbe investigation of claims against tbe United States,’ approved February 24,1855which section, so far as it bears upon this motion, is in the following words :
“ That either party may appeal to the Supreme Court of the United States from any final judgment or decree which may hereafter be rendered in any case in said court wherein tbe amount in controversy exceeds three thousand dollars, under such regulations as the said Supreme Court may direct: Provided, That such appeal shall be taken within ninety days after the rendition of such judgment or decree.”
*55 Under tbe authority of tliis section the Supreme Court adopted the following regulations in relation to appeals:
“In all cases hereafter decided in the Court of Claims, in wliich, by the act of Congress, such appeals are allowable, they shall be heard in the Supreme Court upon the following record, and none other:
1. “A transcript of the pleadings in the case, of the final judgment or decree of the court, and of such interlocutory orders, rulings, judgments, and decrees as may be neccésary to a proper review of the case. .
2. “A finding of the facts in the case by the said Court of Claims, and the conclusions of law on said facts on which the court founds its judgment or decree. The finding of the facts and the conclusion of law to be stated separately, and certified to this court as part of the record.
“ The facts so found are to be the ultimate facts or propositions which the evidence shall establish in the nature of a special verdict, and not the evidence on which those ultimate facts are founded.”
Upon the general law and the regulations of the Supreme Court, thus cited, there would seem to be no ground for this motion; hut the counsel for the defendants claims that this case is withdrawn from their operation by the terms of the Joint Resolution 3d June, 1884, (13 Stat. L., 588,) under which this case is brought into this court. The only portion of that resolution which is supposed to have this effect is in these words: “ That either party may appeal to the Supreme Court of the United States within ninety days.”
It is contended that because this provision contains two of the features of the general law on the subject of appeals, to wit: 1. The right of appeal; and, 2. The requirement that the appeal shall be taken'within ninety days, and does not contain the third feature of the general law, to wit, that the appeal shall be taken “ under such regulations as the Supreme Court may direct,” therefore those regulations do hot operate on this case, and the appeal herein must have the effect of authorizing a trial de novo in the Supreme Court, which trial would require the whole evidence in the case to be certified to that court.
We are not able to concur in this view of the matter. Either the provisions of the Act 3d March, 18G3, remain in force, or *56 they are, as to this particular case, repealed.- If still in force, there is no ground for this motion. If repealed as to this case, there must be shown a law which either in terms declares the repeal, or contains conflicting- provisions which show the intention.of the legislative authority to supersede, pro hae vice, the general law. No repeal, in terms, is claimed, nor does an omission from the joint resolution constitute a conflict with the general law, or afford any ground for implying a repeal. Repeals by implication are not favored in law, particularly the repeal of a general statute by a private one. The latter is to be strictly construed when opposed to the former; and the purpose of the legislature to embody in a private act a repeal, suspension, or change of a public law, must clearly appear. We do not consider it to appear iu the joint resolution -under which this case is brought here, and must therefore hold that the Act 3d March, 1863, and the regulations.of the Supreme Court made in pursuance thereof, apply to this case, as to all others. We consider this view substantially sustained by that court, in ex parte Zellner, (9 Wallace, 244.)
As these regulations forbid our sending the evidence to that court, it cannot be done, and the motion is overruled.
After this motion was argued and .submitted, the Assistant Attorney General presented to the court a written agreement between the claimant and the defendants, by their respective representatives here, that the evidence in the case should be certified to the Supreme Court on tbe appeal. We cannot base such action upon such an agreement. It cannot authorize us to do an act which we are legally forbidden to do. The regulation of the Supreme Court says that we must certify “ the ultimate facts or propositions which the evidence shall establish in the nature of a special verdict, and not the evidence on which those ultimate facts are founded.” This is specific and imperative, and leaves us no option. The agreement is not sanctioned by this court, and the evidence will not go with the appeal.